POSTED ON WEBSITE

FILED
NOV 15 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Bky. No. 07-12273-A-13 |
| James Leon Randle and Janie Mae Randle, | BAP No. EC-07-1349 |
| Debtors. | |

**MEMORANDUM DECISION REGARDING DEBTORS' MOTION TO VACATE DISMISSAL ORDER**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

The Debtors have filed with this court a motion to vacate ("Motion to Vacate") a civil minute order, filed on September 7, 2007, dismissing the bankruptcy case effective September 10, 2007 (the "Dismissal Order"). The Motion to Vacate was filed with the clerk's office on September 17, 2007, but was not brought to the court's attention until after October 18, 2007, when the court received an order from the U.S. Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") remanding the case to this court for a ruling on the Debtors' Motion.[1]

The Debtors' Motion to Vacate materially misstates the record, specifically the

---

[1] The Debtors filed a pleading entitled "Notice of Appeal and Motion to Set Aside Judgment, Vacate and Reinstate Bankruptcy Proceeding," which was transmitted to the BAP as an appeal. The Debtors did not set their Motion to Vacate for hearing or ask for a stay of the Dismissal Order pending the appeal.

court's dialog with co-Debtor Janie Mae Randle ("Ms. Randle") at the order to show cause ("OSC") hearing on September 5, 2007. It also fails to show that the Dismissal Order was entered as a result of clerical error, fraud, mistake, inadvertence, or excusable neglect. Accordingly, the Debtors' Motion to Vacate will be denied.

**Background.**

This chapter 13 bankruptcy case was filed on July 30, 2007. The Debtors filed their petition without an attorney. The three-page pleading was handwritten and incomplete. The Debtors also filed a request to pay their filing fee in installments, which was approved. The last page of the petition was a blank page on which the Debtors had handwritten the name and address of their mortgage company, American Service Co. No other creditors were listed. The page was not verified, and it was not in the format prescribed by the local rules of this court for the electronic input of creditor data. The petition did not show that the Debtors had completed a credit counseling course in compliance with 11 U.S.C. § 109(h),[2] it did not include the means test (Form 22C), a statement of their social security numbers, a master address list of creditors in proper form as required by Rule 1007(a)(1) (the "MAL"), and it did not include schedules, a statement of financial affairs, or a chapter 13 plan. At the time of filing, the court issued a Notice of Incomplete Filing ("NOIF"), which informed the Debtors of the need, and deadlines, for filing the missing documents. The MAL was due by August 6, 2007.[3]

On August 9, 2007, the court issued an OSC why the case should not be dismissed for failure to file the MAL. The hearing was set for September 5, 2007. On August 10, 2007, the chapter 13 trustee issued and served a Notice of Commencement of Chapter 13

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[3] When a bankruptcy petition is physically filed at the court's intake window, the NOIF is delivered to the person who files the documents. The record reflects that the NOIF was also mailed to the Debtors on July 30, 2007.

2

Bankruptcy Case, Meeting of Creditors, and Deadlines (the "Commencement Notice"). The Commencement Notice is intended to give all creditors, *inter alia*, notice of the bankruptcy case as required by § 342(a), and the various dates and deadlines prescribed by the Federal Rules of Bankruptcy Procedure. The record reflects that the Commencement Notice was sent only to the Debtors, the chapter 13 trustee, American Service Co., and to the California Franchise Tax Board (the "FTB").[4]

On August 13, 2007, the court issued another OSC for the Debtors' failure to submit their social security numbers. That hearing was set for September 27, 2007. On August 17, 2007, the court issued a third OSC based on the Debtors' failure to file all of the other documents that were identified in the NOIF, including evidence to show that they were even eligible to be debtors under §109(h). That hearing was also set for September 27, 2007.

On August 20, 2007, the Debtors filed a handwritten Motion For Continuance requesting a continuance of the OSCs and 14 more days to file their documents. The record does not show that that Motion, filed without a proposed order, was ever transmitted to chambers for a ruling. Also on August 20, the Debtors filed an incomplete handwritten set of schedules, and a blank, unverified statement of financial affairs. Finally, on September 4, 2007, the court issued a fourth OSC because the Debtors failed to pay the first installment of their filing fee in the amount of $68. That hearing was also set for September 27, 2007.

**The OSC Hearing.**

Ms. Randle appeared at the first OSC hearing on September 5, 2007. The court explained to Ms. Randle that the case, then five weeks old, would have to be dismissed and refiled because, *inter alia*, the MAL was not properly filed and none of her creditors,

---

[4]When a petition is filed without an MAL in proper format for electronic input of creditor data, the chapter 13 trustee manually compiles his service list based on the filed petition. The FTB is automatically added to the creditor list in all chapter 13 cases for notice purposes. The FTB was not listed as a creditor by the Debtors.

3

except American Service Co., had received any notice of the bankruptcy. By that time, the § 341(a) meeting of creditors had already taken place.[5] Ms. Randle informed the court that the bankruptcy had been hastily filed to prevent a foreclosure against their home, that they did not know what documents needed to be filed, and that they had made an appointment with a bankruptcy attorney for 11:00 a.m. the next morning, September 6, 2007. The court offered to delay the dismissal and make it effective on Monday, September 10, 2007, to give their new attorney time to refile a new petition before a foreclosure could take place. The brief dialog with Ms. Randle went as follows:

> Court: James & Janie Randle Order to Show Cause for Failure to File Master Address List
>
> Court: Are you Ms. Randle?
>
> Ms. Randle: Yes Sir
>
> Court: Okay, the reason that this order to show cause was issued is you filed your bankruptcy petition on July 30th on your own, you didn't have an attorney to help you. It was filed with no schedules, no address list of creditors, no chapter 13 plan. When the notice of the bankruptcy went out it didn't go to any creditors because –
>
> Ms. Randle: I'm getting an attorney tomorrow, sir.
>
> Court: Okay, I'm – have you retained an attorney?
>
> Ms. Randle: I made an appointment to get one. When I went to [the section 341 meeting] at 10:30 and I was at over next door, and [the chapter 13 trustee] told me of all the stuff that I needed so I just made an appointment and the quickest they can see me is tomorrow at 11:00 o'clock.
>
> Court: Is there a foreclosure or anything pending on your house?
>
> Ms. Randle: Yes Sir.
>
> Court: How soon are you going to be able to refile another petition? I'm gonna have to dismiss this one because it's already been around for a month and a half and no creditor –
>
> Ms. Randle: As soon as I get to an attorney tomorrow.
>
> Court: All right.

---

[5] The 341(a) meeting was set for 10:30 a.m., the same day. The chapter 13 trustee's report reflects that Debtor James Leon Randle failed to appear and the meeting was continued to October 10, 2007.

4

| | |
|---|---|
| 1 | Ms. Randle: I just had two killing deaths last year and couldn't catch up with my house payment and I've been there since 1972 and it's like I never been in this predicament before. I don't even know what to do to file bankruptcy. It's something I thought that I would never have to do. |
| 2 | |
| 3 | |
| 4 | Court: Okay, I'm gonna order the case is dismissed on Monday because the documents that needed to be filed were not filed timely. That will be on September 10th so that's when the dismissal order – |
| 5 | |
| 6 | Ms. Randle: So I got to get him to file those other papers by September 10th? |
| 7 | Court: September 10th or very soon after that before your foreclosure company figures it out and moves forward. Do you know what date the foreclosure is set for? |
| 8 | |
| 9 | Ms. Randle: It was – I filed on the 25th and it was set for the 26th. |
| 10 | Court: Do you know what date they continued it to? |
| 11 | Ms. Randle: I don't know, but what I can do is if I can have a copy of something I can tell the attorney to file. |
| 12 | |
| 13 | Court: Tell your attorney I've ordered this case will be dismissed on Monday, September 10th. |
| 14 | Ms. Randle: Okay. |
| 15 | Court: Because it didn't get filed with a list of creditors and no creditors got noticed of this bankruptcy. Your foreclosure company may not even know– |
| 16 | |
| 17 | Ms. Randle: I filed American Servicing Company. |
| 18 | Court: But the list of creditors – you have to file a list of all your creditors with their addresses, and they have to be filed with the petition. |
| 19 | Ms. Randle: Okay. |
| 20 | Court: Otherwise when the court mails out a notice, none of the creditors get noticed. |
| 21 | |
| 22 | Ms. Randle: Yes Sir. |
| 23 | Court: You can't be in bankruptcy if your creditors don't get noticed, so that's gonna have to be done again. You're gonna have to refile and I'll dismiss this on Monday the 10th, so your attorney that you're meeting with has got to get you refiled very soon after that. |
| 24 | |
| 25 | Ms. Randle: Yes Sir. |
| 26 | Court: Otherwise, your foreclosure company will go forward. |
| 27 | Ms. Randle: Yes Sir. |
| 28 | Court: Okay? |

Ms. Randle: Thank you Sir

Court: Good luck to you.

The Debtors' Motion to Vacate erroneously states that the court gave the Debtors until "9/10/07, or shortly thereafter" to file the MAL <u>in this case</u>. Ms. Randle's declaration states that she was "surprised" by the Dismissal Order. It is clear that Ms. Randle either forgot or misunderstood her discussion with the court regarding dismissal, and the need to refile another petition in proper form. Even so, the record does not show that the Debtors retained an attorney, or that they made any effort to get the missing documents filed by September 10, the date on which Ms. Randle thought the "other papers" had to be filed. The record also shows that the Debtors did not file a new case to protect their home as they were instructed to do.

**<u>Conclusion.</u>**

Based on the foregoing, and the court's thorough review of the record, the court is not persuaded that the bankruptcy case was improperly dismissed. The Debtors' petition was plagued with deficiencies, all of which would independently warrant dismissal for cause under §1307(c) and all of which would still exist if the Dismissal Order was vacated. The Debtors' failure to file complete schedules within 45 days compels dismissal under §521(i)(1). Accordingly, the Debtors' Motion to Vacate will be denied. A copy of this Memorandum and the Order shall be transmitted to the BAP in response to its Order Re (1) Motion to Vacate and (2) Completion of the Record on Appeal dated October 16, 2007.

Dated: November __15__, 2007

W. Richard Lee
United States Bankruptcy Judge